Robert W. Ottinger (RO 8879)
Carrie Kurzon (CK 2481)
The Ottinger Firm, P.C.
South Street Seaport
19 Fulton Street, Suite 400
New York, New York 10038
(212) 571-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT ALTADONNA, FRANCESCA BARBAROSSA OTTO and GABRIELA GASPAROVA,<br><br>Plaintiffs,<br><br>vs.<br><br>BROOME MERCER CORPORATION d/b/a RUNWAY, GILBERT COHEN and LYNN HERWITZ.<br><br>Defendants. | 07 CIV 6668 (LAP)<br><br>**COMPLAINT<br>AND JURY TRIAL DEMAND**<br><br>ECF CASE |

Plaintiffs Robert Altadonna, Francesca Barbarossa Otto and Gabriela Gasparova, by their attorneys, The Ottinger Firm, PC, for their Complaint against Broome Mercer Corporation d/b/a Runway ("Runway"), Gilbert Cohen ("Mr. Cohen") and Lynn Herwitz ("Ms. Herwitz"), allege as follows:

### THE PARTIES

1. Plaintiff Robert Altadonna ("Mr. Altadonna") resides in Hoboken, New Jersey. He was employed by Runway from June 2005 until April 28, 2007 as a salesperson.

Robert W. Ottinger (RO 8879)
Carrie Kurzon (CK 2481)
The Ottinger Firm, P.C.
South Street Seaport
19 Fulton Street, Suite 400
New York, New York 10038
(212) 571-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT ALTADONNA, FRANCESCA BARBAROSSA OTTO and GABRIELA GASPAROVA,<br><br>Plaintiffs,<br><br>vs.<br><br>BROOME MERCER CORPORATION d/b/a RUNWAY, GILBERT COHEN and LYNN HERWITZ.<br><br>Defendants. | **COMPLAINT<br>AND JURY TRIAL DEMAND** |

Plaintiffs Robert Altadonna, Francesca Barbarossa Otto and Gabriela Gasparova, by their attorneys, The Ottinger Firm, PC, for their Complaint against Broome Mercer Corporation d/b/a Runway ("Runway"), Gilbert Cohen ("Mr. Cohen") and Lynn Herwitz ("Ms. Herwitz"), allege as follows:

### THE PARTIES

1. Plaintiff Robert Altadonna ("Mr. Altadonna") resides in Hoboken, New Jersey. He was employed by Runway from June 2005 until April 28, 2007 as a salesperson.

2. Plaintiff Francesca Barbarosso Otto ("Ms. Otto") resides in Astoria, New York. She was employed by Runway from August 2006 until March 2007 as a salesperson.

3. Plaintiff Gabriela Gasparova ("Ms. Gasparova") resides in Jersey City, New Jersey. She was employed by Runway from May 2004 until April 1, 2007 as a salesperson.

4. Defendant Broome Mercer Corporation operates a retail clothing store called Runway. The store is located at 450 Broome Street, New York, New York, 10014. Upon information and belief, Broome Mercer Corporation is a company organized and existing under the laws of New York.

5. Mr. Cohen resides in New York, New York. He owns Runway with his wife, Lynn Herwitz.

6. Ms. Herwitz resides in New York, New York. She owns Runway with her husband, Gilbert Cohen.

## THE NATURE OF THE ACTION

7. This is a civil action for damages and remedies brought under the Fair Labor Standard Act ("FLSA") 29 U.S.C. §§ 206, 207, New York Labor Law §§ 190 et seq., and the New York City Administrative Code ("New York City Human Rights Law"). Specifically, Runway and its owners, Mr. Cohen and Ms. Hewitz, failed to pay Mr. Altadonna, Ms. Otto, and Ms. Gasparova their overtime pay, subjected them to sexual harassment, forced them to work in a racially hostile

environment and retaliated against them by terminating their employment when they complained about the sexual harassment.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and § 1367.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this District and all Defendants reside in this district.

10. Plaintiffs served copies of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel prior to filing it in this Court.

## FACTS

### Racially Hostile Work Environment

11. Runway sells clothing in the SoHo region of New York City.

12. The owners of Runway, Mr. Cohen and Ms. Herwitz, instructed Mr. Alatadonna, Ms. Otto, and Ms. Gasparova that African-American customers are not welcome in the store and that they must be closely monitored to prevent theft and should be encouraged to leave the store as soon as possible.

13. Mr. Altaldonna, Ms. Otto, and Ms. Gasparova were directed by Mr. Cohen and Ms. Herwitz to closely follow African-American customers through the store to make them feel uncomfortable and to encourage them to leave the store.

14. Mr. Cohen and Ms. Herwitz reprimanded Mr. Altadonna, Ms. Otto, and Ms. Gasparova for helping African-American customers and for not ushering these customers out of Runway.

15. For example, Mr. Cohen once screamed at Ms. Otto after she helped an African-American customer, "what the fuck are you doing, we don't want that type of person in our store."

<u>Sexually Hostile Work Environment and Retaliation</u>

16. Mr. Altadonna is gay.

17. On a regular basis, Mr. Cohen would make derogatory comments about Mr. Alatadonna's sexual orientation in front of customers and employees.

18. By way of example, Mr. Cohen has stated publicly in front of customers and employees, that Mr. Altadonna likes to be fisted up the ass, likes large penises, and that his favorite sexual position is to be bent over on his knees because he is gay.

19. Comments of this nature were made on a regular basis.

20. Mr. Cohen's comments about Mr. Altadonna's sexual orientation made Mr. Altadonna feel humiliated and extremely uncomfortable at work.

21. On or about April 28, 2007, Mr. Altadonna told Ms. Herwitz that Mr. Cohen was making sexual comments about him in the work place and asked her to stop Mr. Cohen from making these comments. In response, Ms. Herwitz told Mr. Altadonna that he brought negative energy to work and must report to work the following day with a better attitude.

22. Later that night, Ms. Herwitz called Mr. Altadonna and told him he was fired.

23. On a regular basis, Mr. Cohen made sexual comments to Ms. Gasparova at work and groped her.

24. By way of example, Mr. Cohen would tell Ms. Gasparova that he wanted to squeeze her; told her to walk up the stairs so he could look up her dress and did look up her dress; asked her explicit questions about her sex life; forced her to bend over so he could look up her skirt, and would rub and hug her in a sexual manner.

25. Ms. Herwitz sexually harassed Ms. Gasparova as well. For example, Ms. Herwitz routinely wrote sexually offensive notes on Ms. Gasparova's paychecks, including, but not limited to the following: "See, you don't need big boobs to make big bucks"; and "Big boobs need big bucks." After Ms. Gasparova underwent breast augmentation surgery, Ms. Herwitz wrote the following on Ms. Gasparova's paycheck: "Time to put those new girls out front and sell sell sell."

26. Comments and conduct of this nature occurred on a regular basis.

27. On or about April 1, 2007, Ms. Gasparova complained to Ms. Herwitz about Mr. Cohen's sexual comments and conduct and asked her to stop Mr. Cohen. Ms. Herwitz told her to "stop being a baby" and to "get a thicker skin." Fifteen minutes later, Ms. Herwitz told Ms. Gasparova that she was fired.

28. On a regular and ongoing basis, Mr. Cohen made sexual comments to Ms. Otto at work and groped her.

29. By way of example, Mr. Cohen has told Ms. Otto that he likes to masturbate after seeing her, told her that a woman has no right to speak and should only listen; instructed her to walk up the stairs so he could look up her skirt and then made

comments like, "ooh baby, I am watching it,"; instructed her to put on an outfit and then bend over so he could look up her dress or skirt; and would tell her to give him a kiss and then grab her.

30. Comments and conduct of this nature occurred on a regular and ongoing basis.

31. In early March 2007, after Mr. Cohen screamed at her, Ms. Otto reported his conduct, including his sexual comments and conduct, to Ms. Herwitz.

32. Ms. Herwitz told Ms. Otto to "brush it off" and later that day Ms. Herwritz fired Ms. Otto.

### Failure to Pay Over Time Wages

33. Mr. Altadonna, Ms. Otto, and Ms, Gasparova frequently worked over 40 hours per week but they were never paid at an overtime rate.

34. Mr. Altadonna, Ms. Otto, and Ms, Gasparova were legally entitled to an overtime rate of one and one half times their regular hourly wage for all hours worked in excess of 40 hours per week.

35. Ms. Herwitz would clock out Mr. Altadonna, Ms. Otto, and Ms, Gasparova while they were still working to prevent them from receiving overtime pay.

36. Ms. Herwitz and Mr. Cohen were aware that Mr. Altadonna, Ms. Otto, and Ms, Gasparova were not being paid their full and proper wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

37. Ms. Herwitz and Mr. Cohen willfully failed to make overtime payments.

### Illegal Wage Deductions-All Plaintiffs

38. During Plaintiffs' tenure, Ms. Herwitz and Mr. Cohen had a policy and practice of making illegal deductions from the wages and commissions of Plaintiffs.

39. These deductions were arbitrary and for unexplained reasons. At times, Ms. Herwitz would include a handwritten note on Mr. Altadonna, Ms. Otto, and Ms, Gasparova' paychecks, stating that deductions were made and instructing Mr. Altadonna, Ms. Otto, and Ms, Gasparova not to question it.

40. In addition to the above, Defendants illegally reduced Mr. Altadonna, Ms. Otto, and Ms, Gasparova pay by failing to pay their full commissions.

41. In one instance, Ms. Herwitz wrote the following on Ms. Gasparova's paycheck, after arbitrarily and illegally deducting portions of her commission from a $10,000 sale: "Very nice work Gabby. I made small adjustments from 10k sale to Ms. Marilyn. What I did was fair and final so no discussions PLEASE."

42. The Defendants willfully committed the wage violations alleged herein.

43. When Plaintiffs complained about these deductions, they were instructed that they could quit if they didn't like it.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: OVERTIME PAY
(AGAINST RUNWAY)

44. Plaintiffs hereby repeat and re-allege each allegation contained in the above paragraphs and incorporate the same, as if fully set forth herein.

45. Under the FLSA, Plaintiffs were entitled to overtime premium compensation from Runway of one and one half times their regular rate of pay for hours they worked beyond forty hours per week.

46. By the above course of conduct, Runway has violated the FLSA.

47. Runway has violated the FLSA willfully.

48. Upon information and belief, Runway's practice of not compensating Plaintiffs for their overtime was not approved in writing by the United States Department of Labor or the New York Department of Labor.

49. Upon information and belief, Runway's practice of not compensating Plaintiffs for their overtime was not based on Runway's review of any policy or publication of the United States Department of Labor or the New York Department of Labor.

50. Due to Runway's FLSA violations, Plaintiffs are entitled to recover from Runway their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 20 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### NEW YORK LABOR LAW
(AGAINST RUNWAY)

51. Plaintiffs hereby repeat and re-allege each allegation contained in the above paragraphs and incorporate the same, as if fully set forth herein.

52. Under the New York Labor Law, Plaintiffs were entitled to overtime premium compensation of one and one half times their regular rate of pay for hours they worked beyond forty hours per week for Runway.

53. Under the New York Labor Law, Plaintiffs were entitled to at least their regular rate of pay for all hours they worked for Runway.

54. Under the New York Labor Law, Plaintiffs were entitled to overtime spread-of-hours compensation from Runway of an extra hour's pay for each day they worked more than ten hours for Runway.

55. By the above course of conduct, Runway has violated the New York Labor Law.

56. Runway has violated the New York Labor Law willfully.

57. Due to Runway's New York Labor Law violation, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to New York Labor Law §§ 198, 663(1).

### THIRD CAUSE OF ACTION

#### SEXUAL HARASSMENT
#### IN VIOLATION OF N.Y. CITY ADMIN. CODE § 8-107(1)(a)
(AGAINST ALL DEFENDANTS)

58. Plaintiffs hereby repeat and re-allege each allegation contained in the above paragraphs and incorporates the same as if fully set forth herein.

59. Plaintiffs are "persons" under § 8-102(1) of the New York City Human Rights Law.

60. On information and belief, Runway is an "employer" subject to the provisions the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

61. Plaintiffs were subjected to unwelcome and persistent sexual comments and groping by Mr. Cohen.

62. Plaintiffs' complaints to Ms. Herwitz about Mr. Cohen's sexual advances and abusive behavior resulted in a tangible job detriment whereby Plaintiffs' hours were reduced and Plaintiffs were ultimately fired.

**FOURTH CAUSE OF ACTION**

SEXUAL ORIENTATION DISCRIMINATION
IN VIOLATION OF N.Y. CITY ADMIN. CODE § 8-107(1)(a)
(AGAINST ALL DEFENDANTS)

63. Plaintiffs hereby repeat and re-allege each allegation contained in the above paragraphs and incorporates the same as if fully set forth herein.

64. Ms. Herwitz and Mr. Cohen discriminated against Mr. Atladonna because of his sexual orientation in violation of § 8-107 of the New York City Human Rights Law, by the conduct described in this complaint, including subjecting him to discriminatory and hostile treatment, and terminating his employment.

65. As a result of Defendants' discrimination, Mr. Altadonna has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

66. Upon information and belief, Defendants' discriminatory actions against Mr. Altadonna were taken with reckless indifference to Plaintiffs' rights, entitling them to punitive damages under the New York City Human Rights Law.

## FIFTH CAUSE OF ACTION

RETALIATION
IN VIOLATION OF N.Y. City Admin. Code § 8-107(6)&(7)
(AGAINST ALL DEFENDANTS)

67. Plaintiffs hereby repeat and re-allege each allegation contained in the above paragraphs and incorporate the same, as if fully set forth herein.

68. Plaintiffs engaged in protected activity by objecting to and complaining about sexual harassment and discrimination.

69. After Plaintiffs complained they were terminated shortly thereafter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment and issue:

(a) An award to Plaintiffs on their First Cause of Action for their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action

(b) An award to Plaintiffs on their Second Cause of Action for their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action

(c) An award to Plaintiffs on their third, fourth, and fifth causes of action for their compensatory damages in an amount to be determined at trial for the humiliation, mental anguish, pain and suffering and emotional distress sustained;

(d) An award of punitive damages to deter future conduct by the Defendant, in an amount to be determined at trial;

(e)     An award to Plaintiffs of the costs of this action, including reasonable attorney's fees to the fullest extent permitted by law; and

(f) Such other and further relief as this Court deems necessary and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 23, 2007                    Respectfully submitted,

*[signature]*

Carrie Kurzon (CK-2481)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 400
New York, NY 10038
(212) 571-2000
Attorneys for Plaintiffs