UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT ALTADONNA, FRANCESCA
BARBAROSSA OTTO and GABRIELA
GASPAROVA,

**ANSWER**

                       Plaintiffs,

Docket No.
07 Civ. 6668 (LAP)(HP)

   -against-

BROOME MERCER CORPORATION d/b/a
RUNWAY, GILBERT COHEN and LYNN
HERWITZ,

                       Defendants.
------------------------------------------------------------x

      Defendants BROOME MERCER CORP. ("BMC"), GILBERT COHEN, and LYNN HERWITZ, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, as and for their answer to plaintiffs' complaint dated July 23, 2007 (the "complaint"), set forth the following:

### THE PARTIES

      1.    Deny knowledge or information to form a belief as to the allegations contained in ¶ "1" of the complaint, except admit that BMC employed plaintiff Altadonna as a salesperson from August 2005 through April of 2007.

      2.    Deny knowledge or information to form a belief as to the allegations contained in ¶ "2" of the complaint, except admit that BMC employed plaintiff Otto as a salesperson from August 2006 through April of 2007.

3. Deny knowledge or information to form a belief as to the allegations contained in ¶ "3" of the complaint, except admit that BMC employed plaintiff Gasparova (formerly Benedict) from April 2004 through March of 2005 and from April 2006 through April 2007.

4. Admit the allegations contained in ¶ "4" of the complaint.

5. Deny the allegations contained in ¶ "5" of the complaint, except admit that defendant Cohen is a resident of New York County and respectfully refer all questions of law to the Court for adjudication.

6. Deny the allegations contained in ¶ "6" of the complaint, except admit that defendant Herwitz is a resident of New York County and respectfully refer all questions of law to the Court for adjudication.

## NATURE OF THE ACTION

7. Deny the allegations contained in ¶ "7" of the complaint.

## JURISDICTION AND VENUE

8. Deny the allegations contained in ¶ "8" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

9. Deny the allegations contained in ¶ "9" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in ¶ "10" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

## FACTS

11. Deny the allegations contained in ¶ "11" of the complaint, except admits that BMC operates a retail clothing store in the SoHo region of New York City.

12. Deny the allegations contained in ¶ "12" of the complaint.

13. Deny the allegations contained in ¶ "13" of the complaint.

14. Deny the allegations contained in ¶ "14" of the complaint.

15. Deny the allegations contained in ¶ "15" of the complaint.

## SEXUALLY HOSTILE WORK ENVIRONMENT AND RETALIATION

16. Upon information and belief, defendants admit the allegation contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint.

18. Deny the allegations contained in ¶ "18" of the complaint.

19. Deny the allegations contained in ¶ "19" of the complaint.

20. Deny the allegations contained in ¶ "20" of the complaint.

21. Deny the allegations contained in ¶ "21" of the complaint.

22. Deny the allegations contained in ¶ "22" of the complaint, except admit that BMC properly terminated plaintiff Altadonna's employment.

23. Deny the allegations contained in ¶ "23" of the complaint.

24. Deny the allegations contained in ¶ "24" of the complaint.

25. Deny the allegations contained in ¶ "25" of the complaint.

26. Deny the allegations contained in ¶ "26" of the complaint.

27. Deny the allegations contained in ¶ "22" of the complaint, except admit that BMC properly terminated plaintiff Gasparova's employment.

28. Deny the allegations contained in ¶ "28" of the complaint.

29. Deny the allegations contained in ¶ "29" of the complaint.

30. Deny the allegations contained in ¶ "30" of the complaint.

31. Deny the allegations contained in ¶ "31" of the complaint.

32. Deny the allegations contained in ¶ "32" of the complaint, except admit that BMC properly terminated plaintiff Otto's employment.

## FAILURE TO PAY OVER TIME WAGES

33. Deny the allegations contained in ¶ "33" of the complaint.

34. Deny the allegations contained in ¶ "34" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

35. Deny the allegations contained in ¶ "35" of the complaint.

36. Deny the allegations contained in ¶ "36" of the complaint.

37. Deny the allegations contained in ¶ "37" of the complaint.

## ILLEGAL WAGE DEDUCTIONS

38. Deny the allegations contained in ¶ "38" of the complaint.

39. Deny the allegations contained in ¶ "39" of the complaint.

40. Deny the allegations contained in ¶ "40" of the complaint.

41. Deny the allegations contained in ¶ "41" of the complaint.

42. Deny the allegations contained in ¶ "42" of the complaint.

43. Deny the allegations contained in ¶ "43" of the complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFFS' FIRST CAUSE OF ACTION

44. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "43" of this Answer as if more fully set forth at length herein.

45. Deny the allegations contained in ¶ "45" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

46. Deny the allegations contained in ¶ "46" of the complaint.

47. Deny the allegations contained in ¶ "47" of the complaint.

48. Deny the allegations contained in ¶ "48" of the complaint and set forth that defendants did not have an overtime practice as alleged.

49. Deny the allegations contained in ¶ "49" of the complaint and set forth that defendants did not have an overtime practice as alleged.

50. Deny the allegations contained in ¶ "50" of the complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFFS' SECOND CAUSE OF ACTION

51. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "50" of this Answer as if more fully set forth at length herein.

52. Deny the allegations contained in ¶ "52" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

53. Deny the allegations contained in ¶ "53" of the complaint.

54. Deny the allegations contained in ¶ "54" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

55. Deny the allegations contained in ¶ "55" of the complaint.

56. Deny the allegations contained in ¶ "56" of the complaint.

57. Deny the allegations contained in ¶ "57" of the complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFFS' THIRD CAUSE OF ACTION

58. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "57" of this Answer as if more fully set forth at length herein.

59. Deny the allegations contained in ¶ "59" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

60. Deny the allegations contained in ¶ "60" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

61. Deny the allegations contained in ¶ "61" of the complaint.

62. Deny the allegations contained in ¶ "62" of the complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFFS' FOURTH CAUSE OF ACTION

63. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "62" of this Answer as if more fully set forth at length herein.

64. Deny the allegations contained in ¶ "64" of the complaint.

65. Deny the allegations contained in ¶ "65" of the complaint.

66. Deny the allegations contained in ¶ "66" of the complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFFS' FIFTH CAUSE OF ACTION

67. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "66" of this Answer as if more fully set forth at length herein.

68. Deny the allegations contained in ¶ "68" of the complaint.

69. Deny the allegations contained in ¶ "69" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. The complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. The defendants possessed legitimate, non-discriminatory reasons for their actions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. One or more of plaintiffs' claims are barred by the applicable Statute of Limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Defendants did not discriminate against plaintiffs, either on the basis of plaintiffs' sexual orientation or any other protected class.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. Defendants have not retaliated against plaintiffs.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. Defendants have acted within their discretion, and in accordance with defendant BMC's needs, procedures, and requirements.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Defendants have acted, at all times relevant to plaintiffs' complaint, in conformity with all applicable statutes, laws, rules, and regulations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. Plaintiffs have failed to mitigate their damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. No basis exists for this court to exercise jurisdiction over the plaintiffs' state law claims.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, with such other and further relief as the Court deems just, equitable, and proper.

Dated: Mineola, New York
August 7, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendants
BROOME MERCER CORP., GILBERT COHEN,
and LYNN HERWITZ

_____
MICHAEL A. MIRANDA (MAM-6413)
ADAM I. KLEINBERG (AIK-0468)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No. 07-440

TO: Carrie Kurzon, Esq. (CK-2481)
THE OTTINGER FIRM, P.C.
Attorneys for Plaintiffs
19 Fulton Street, Suite 400
New York, NY 10038
(212) 571-2000